```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
              Civil No. 15-3336(DSD/SER)
```

Thomas Auld,

       Plaintiff,

v.                                     **ORDER**

Daugherty Systems, Inc.
d/b/a Daugherty Business
Solutions,

       Defendant.

    Cassie C. Navarro, Esq. and Christopher D. Jozwiak, Esq., Baillon Thome Jozwiak & Wanta LLP, 100 South Fifth Street, Suite 1200, Minneapolis, MN 55402, counsel for plaintiff.

    Daniel J. Doetzel, Esq., Hesse Martone, P.C. 23430 North 84th Street, Scottsdale, AZ 85255 and Jennifer V. Ives, Esq., Stinson Leonard Street LLP, 150 South 5th Street, Suite 2300, Minneapolis, MN 55402, counsel for defendant.

    This matter is before the court upon the motion to transfer venue by defendant Daugherty Systems, Inc., d/b/a Daugherty Business Solutions. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion and transfers the case to the United States District Court for the Eastern District of Missouri.

**BACKGROUND**

    This employment dispute arises out of plaintiff Thomas Auld's termination from Daugherty. Daugherty is a Missouri corporation

that provides software development, computer programming, and information technology services. Garofalo Decl. ¶ 5; Compl. ¶ 2. Daugherty has offices in several states, including Minnesota. Compl. ¶¶ 2-3. Daugherty hired Auld to work as a consultant in its Minneapolis office. Id. ¶ 7. On August 25, 2009, Auld and Daugherty executed an Employee Agreement, which set forth certain terms and conditions of Auld's employment. See Moerke Decl. Ex. B. Relevant here, the Agreement establishes that (1) Auld's employment was at-will, (2) Auld would be compensated according to company policy, (3) Daugherty did not promise or guaranty any particular level or amount of compensation, and (4) Auld was required to maintain the confidentiality of Daugherty's data. Id. §§ 1-3. The Agreement also includes the following forum-selection clause: "In any suit to enforce this Agreement, venue and jurisdiction is proper in the St. Louis County Circuit Court and (if federal jurisdiction exists), the U.S. District Court for the Eastern District of Missouri." Id. § 7(f). Auld "waive[d] all objections to jurisdiction in any such forum and any defense or claim that either such forum is not the most convenient forum." Id. The Agreement states that it cannot be modified unless in a writing signed by Auld and an executive officer of Daugherty. Id. § 7(g).

In November 2014, Auld told Daugherty that he wanted to part ways to work elsewhere. Compl. ¶¶ 9-10. Auld alleges that Daugherty asked him to stay on until March 31, 2015, to work on a

2

special project.  Id. ¶¶ 12-13, 17.  Daugherty agreed to provide Auld with certain incentive payments during that period.  Id. ¶ 15. Daugherty also agreed to provide a separation package.  Id. ¶ 18. Daugherty ultimately terminated Auld on February 11, 2015, for reasons not relevant to this motion.  See id. ¶¶ 24-50.  Daugherty offered Auld a $15,000 severance payment, which he alleges is substantially less than the amount previously promised.  Id. ¶ 49.

On July 30, 2015, Auld filed this action in Minnesota state court, alleging breach of contract, promissory estoppel, and violation of the Minnesota Whistleblower Act, Minn. Stat. § 609.221, et seq.  Daugherty timely removed and filed a counterclaim alleging that Auld violated the confidentiality provisions of the Agreement and misappropriated its trade secrets. Daugherty now moves to transfer venue to the United States District Court for the Eastern District of Missouri.

**DISCUSSION**

**I.   Standard of Review**

Daugherty moves to transfer under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district ... to which all parties have consented."  Deciding whether to transfer under § 1404(a) in the

3

absence of a valid forum selection clause generally "require[s] a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691 (8th Cir. 1997).  However, "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex., 134 S. Ct. 568, 581 (2013).

**II.  Applicability of the Forum Selection Clause**

Auld argues that the forum-selection clause does not apply to the instant dispute because his tort and contractual claims do not fall within the scope of the clause.

In a transfer analysis, "a district court ... must decide whether the [forum selection] clause applies to the type of claims asserted in the lawsuit." Terra Int'l, 119 F.3d at 692. "Whether ... claims are to be governed by forum selection provisions depends upon the intention of the parties reflected in the wording of particular clauses and the facts of each case." Id. at 693 (citation and internal quotation marks omitted).

Here, the parties agreed that venue would be proper in the Eastern District of Missouri "[i]n any suit to enforce this Agreement." Moerke Aff. Ex. B § 7(f). Auld argues that the clause does not apply because this case involves separate agreements regarding his compensation and term of employment that are

4

unrelated to the Agreement. Auld alleges that Daugherty promised him employment through March 31, 2015, and specific incentive and separation payments. Compl. ¶¶ 55-75. Those alleged promises, however, directly modified the Agreement's terms relating to Auld's compensation and employment status.[1] As a result, Auld's attempt to enforce the promises is an attempt to enforce the Agreement.

Auld also argues that his whistleblower claim precludes application of the forum-selection clause. The court disagrees. Auld alleges that Daugherty violated the Whistleblower Act by terminating him before March 31, 2015, and withdrawing his incentive and separation packages because he reported aggressive and threatening behavior by a Daugherty executive. Id. ¶ 52. The whistleblower claim is inextricably intertwined with the central contractual issue presented: the enforceability of Daugherty's alleged promises regarding employment term and compensation. See Terra Int'l, 19 F.3d at 695 (holding that the forum-selection clause applies to "tort claims [that] involve the same operative facts as would a parallel claim for breach of contract"). As a result, the forum-selection clause also applies to the whistleblower claim.

---

[1] Specifically, the March 31, 2015, end date would modify the Agreement's at-will provision, and the incentive and separation packages would modify the Agreement's compensation provision. Whether the Agreement was in fact modified is a question for another day.

**III. Effect of Forum Selection Clause**

Having determined the that the forum-selection clause applies, the court now considers the effect of such a clause on the instant dispute.  "The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways."  Atl. Marine, 134 S. Ct. at 581.  "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted."  Id.  Second, the court "should not consider arguments about the parties' private interests."  Id. at 582.  Accordingly, though Auld makes numerous arguments related to his convenience and relative ability to pay for distant litigation, the court may not consider such factors.  Instead, the court "may consider arguments about public-interest factors only ... [and] those factors will rarely defeat a transfer motion."  Id.  Relevant public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  Id. at 581 n.6 (citation and internal quotation marks omitted).

Here, Auld has not persuasively argued that transfer would produce any administrative hardship in Missouri or that the instant

case presents a controversy localized in Minnesota. Nor does he argue against the benefit of having a case largely governed by Missouri law decided in a forum more familiar with its application.[2] That said, there is also no impediment to the Eastern District of Missouri applying Minnesota's Whistleblower Act. See Hughes v. Wal-Mart Stores, Inc., 250 F.3d 618, 620 (8th Cir. 2001)("A federal district court is faced almost daily with the task of applying some state's law other than that of the forum state, and it is equally capable of resolving the dispute under [another state's laws]."). Thus, these factors are either neutral or favor transfer to Missouri. Third, there are no unusual or exceptional circumstances that warrant setting aside the clause. See Atl. Marine, 134 S. Ct. at 575 (finding that, where there is a valid forum selection clause, "a district court should transfer the case unless extraordinary circumstances ... clearly disfavor a transfer"). Auld has not met his burden of establishing that transfer is improper. As a result, transfer to the Eastern District of Missouri is warranted.

---

[2] The Agreement provides for the application of Missouri law to the dispute. Moerke Decl. Ex. B § 7(f). If the transferee court determines that provision does not apply, it is equally capable of applying Minnesota law to the breach-of-contract and promissory estoppel claims.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to transfer venue [ECF No. 11] is granted and this action is transferred to the United States District Court for the Eastern District of Missouri.

Dated:  October 13, 2015

s/David S. Doty
David S. Doty, Judge
United States District Court
